**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-03074 –RBJ–KMT

Larry Eastman and Mary Eastman and Jason Eastman

        Plaintiff,

v.

NPL Capital LLC
        Defendant.

---

**AMENDED COMPLAINT AND JURY DEMAND**

---

**ALLEGATIONS COMMON TO ALL COUNTS**

1. Plaintiffs are all adult citizens of Colorado. Plaintiffs Larry Eastman and Mary Eastman husband and wife and are the natural parents of Plaintiff Jason Eastman.

2. Defendant NPL Capital LLC (hereafter "NPL") has filed an action under CRCP 120 to foreclose on the home of Jason Eastman and has claimed to be an entity of some sort. Defendant's witness testified in the CRCP 120 proceeding that it is an LLC under the laws of Delaware. It has not registered with the Colorado Secretary of State. For purposes of this action alone, Plaintiffs thus plead on information and belief that NPL is some type of entity. Plaintiffs intends to bring this action against the entity or person responsible for the acts alleged herein.

3. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it uses any instrumentalities of interstate commerce and the mails in a business the principal purpose of which is the collection of debts incurred primarily for personal or household use. Defendant acquires defaulted personal mortgages and tries to collect them on a nationwide basis.

4. Defendant is a "collection agency" as defined by CRS § 5-16-103 in that it takes assignment of debts for collection purposes. Defendant did not obtain a license as a debt collector as required by CRS § 5-16-115 and thus all of its actions herein were unlawful under the applicable state law, CRS § 5-16-115. As such, all of its actions as alleged herein attempted to collect a debt by unfair means and attempted to collect a debt not permitted by law in violation of 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1). Plaintiffs neither made nor make a claim under the state law, but claim the actions violate federal law.

5. Defendant claims to have acquired a mortgage on Plaintiff Jason Eastman's personal residence and has been trying to collect it through coercion by way of telephone calls and the institution of a non-judicial foreclosure.

### COUNT I – MARY EASTMAN – FEDERAL FDCPA

Comes now Plaintiff Mary Eastman and for her cause of action against the Defendant under 15 U.S.C. § 1692 et. seq. states:

6. Mary Eastman and Larry Eastman did not owe the debt that Defendant was trying to collect and was thus a "third person" within the meaning of 15 U.S. Code § 1692c.

7. Defendant, without the prior consent of Borrower Jason Eastman, acting through its agents, servant and employees, directly contacted Plaintiff Mary Eastman about Jason Eastman's debt and tried to enlist her in its collection efforts. Defendant, putting the "cart before the horse", sent Mary Eastman a written consent form to have Jason Eastman sign purporting to give consent to talk to Mary and Larry Eastman after it had already violated the FDCPA.

8. Thereafter, Defendant was informed that the Eastmans were represented by counsel but continued to contact Mary Eastman to collect the debt directly in violation of 15 U.S.C. § 1692c(a)(2).

9. As an unlicensed collection agency in Colorado, Defendant violated 15 U.S.C. § 1692f by collecting amounts not permitted by law.

10. That as a direct result thereof Plaintiff Mary Eastman suffered severe emotional distress which was a real injury and symptomatic.

WHEREFORE: Plaintiff Mary Eastman prays judgment against the defendant under the Federal FDCPA for actual damages in such sum as is just and reasonable together with statutory damages, attorney's fees and her costs herein expended.

### COUNT II – LARRY EASTMAN – FEDERAL FDCPA

Comes now Plaintiff Larry Eastman and for his cause of action against the Defendant under 15 U.S.C. § 1692 et. seq. states:

11. Mary Eastman and Larry Eastman did not owe the debt that Defendant was trying to collect and were each thus a "third person" within the meaning of 15 U.S. Code § 1692c.

12. Defendant, without the prior consent of Jason Eastman, acting through its agents, servant and employees directly contacted Plaintiff Larry Eastman about Jason Eastman's debt and tried to enlist her in its collection efforts. Defendant, putting the "cart before the horse" sent Larry Eastman a written consent form to have Jason Eastman sign purporting to give consent to talk to Mary and Larry Eastman.

13. Thereafter, Defendant was informed that the Eastmans were represented by counsel but continued to contact Larry Eastman directly in violation of 15 U.S.C. § 1692c(a)(2).

14. That as a direct result thereof Plaintiff Larry Eastman suffered severe emotional distress which was a real injury and symptomatic.

15. As an unlicensed collection agency in Colorado, Defendant violated 15 U.S.C. § 1692f by collecting amounts not permitted by law.

WHEREFORE: Plaintiff Larry Eastman prays judgment under the federal FDCPA against the defendant for actual damages in such sum as is just and reasonable together with statutory damages, attorney's fees and her costs herein expended.

### COUNT III – JASON EASTMAN – FEDERAL FDCPA

Comes now Plaintiff Jason Eastman and for his cause of action against the Defendant 15 under 15 U.S.C. § 1692 et. seq.states:

16. Mary Eastman and Larry Eastman did not owe the debt that Defendant was trying to collect and were each thus a "third persons" within the meaning of 15 U.S. Code § 1692c.

17. Defendant, without the prior consent of Jason Eastman, acting through its agent, servant and employee who identified herself as "Lindsay Erin" directly contacted Plaintiffs Mary Eastman and Larry Eastman about Jason Eastman's debt and tried to enlist her in its collection efforts. Defendant, putting the "cart before the horse" sent Larry and Mary Eastman a written consent form to have Jason Eastman sign purporting to give consent to talk to Mary and Larry Eastman.

18. Thereafter, Defendant was informed that the Eastmans were represented by counsel but continued to contact Larry and Mary Eastman directly in violation of 15 U.S.C. § 1692c(a)(2).

19. Defendant used the threat of foreclosure to attempt to collect an inflated balance. Defendant first advised Plaintiff Jason Eastman by letter of William R. Arendt III, attorney, of May 24, 2017, that his "Current Principal Balance" was "$36,632.70" (but indicated the current amount due was "$20,956.as of May 23, 2017"). Then by letter dated June 28, 2017 again by William R. Arendt III, that "the amount owed is $58,155.59 as of June 24, 2017." Defendant

then filed an NED claiming, "Outstanding Principal Amount of Evidence of Debt of debt as of the date hereof: $36,632.70".

20.     Second, Plaintiff Jason Eastman asked the public trustee for a cure amount. Defendant indicated that he needed "$8,431.73" consisting of "25 payments @ 232.01 = $5800.25" and "69 payments @ 373.08 = $25,742.52".  This cure on its face includes amounts the Defendant knew or should have known were time barred. Further, Defendant demanded in the cure amount $5,692.50 in attorney's fees which were excessive and beyond the amount collectable in the note and deed of trust. As such Defendant violated 15 U.S. Code § 1692f by trying to collect sums not due and 15 U.S. Code § 1692e(2) by falsely misrepresenting the amount of the debt.

21.     Defendant failed, with its initial communication or within 5 days of its initial contact, to notify Plaintiff Jason Eastman that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector and failed to notify him that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

22.     As an unlicensed collection agency in Colorado, Defendant violated 15 U.S.C. § 1692f by collecting amounts not permitted by law.

23.     That as a direct result thereof Plaintiff Jason Eastman suffered severe emotional distress which was a real injury and symptomatic.

WHEREFORE: Plaintiff Jason Eastman prays judgment against the defendant under the federal FDCPA for actual damages in such sum as is just and reasonable together with statutory damages, attorney's fees and her costs herein expended.

PLAINTIFF DEMANDS TRIAL BY JURY.

*/s/ Blair K. Drazic*
Blair K. Drazic
Colorado Bar #39879
2470 Patterson Road, Unit 6, Ste 16
Grand Junction, CO 81505
Phone 970-623-1193
Fax 888-858-0992
E-mail: blairdrazic@gmail.com

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent to counsel for Defendant via the ECF system.

*/s/ Blair K. Drazic*