IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-03074 RBJ–KMT

Larry Eastman and Mary Eastman and Jason Eastman

        Plaintiff,

v.

NPL Capital LLC

        Defendant.

_____

**RESPONSE OF PLAINTIFF JASON EASTMAN TO MOTION FOR JUDGMENT**
**(Doc. 61)**
_____

      Defendant properly notes that this case was stayed pending the outcome of the Supreme Court's decision in *Obduskey v. McCarthy & Holthus, LLP*. The motion further accurately states: "3. On March 20, 2019 the Supreme Court unanimously affirmed the Tenth Circuit in Obduskey v. McCarthy & Holthus, LLP, _____ U.S. _____ (2019), Case No. 17-1307. The Supreme Court held among other things, that an entity engaged in no more than nonjudicial foreclosures is not a debt collector as defined by the FDCPA." The problem is that Defendant further states and apparently thinks: "5. The Supreme Court's ruling now definitively excludes from the purview of the FDCPA entities **such as Defendant** that are engaged in **no more than** nonjudicial foreclosures." (emphasis added). Defendant has to say that because it is the holding in *Obduskey*; but it does not describe this Defendant or what it does.

      Unlike the Tenth Circuit the U.S. Supreme Court did not exempt those "engaged in no more than nonjudicial foreclosures" because it agreed that even foreclosure lawyers

1

do not collect money, nor fit the principle definition of debt collectors. It based its decision on the limited definition of debt collectors from 15 U.S.C. § 1692(a)(6) which states: "For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business **the principal purpose of which** is the enforcement of security interests." (emphasis added).

Here, the Defendant's "principle purpose" is not the "enforcement of security interests," it is the collection of long defaulted debt. There is nothing in this record to even suggest that Defendant **ever** has enforced a security interest except in this one case; but there are plenty of allegations (and proof at the summary judgment stage) that it collects defaulted debt all the time. In fact, we are not sure from the record before us whether the Defendant will have enough evidence to even *get an instruction* that it is exempt if it "engaged in no more than nonjudicial foreclosures," as there may be no evidence to support it, and if Plaintiff's allegations are believed it is not true.

As such the motion to dismiss should be denied.

*/s/ Blair K. Drazic*
Blair K. Drazic
2470 Patterson Road
Unit 6, Ste 16
Grand Junction, CO 81505
Phone 970-623-1193
Fax 888-858-0992
E-mail: blairdrazic@gmail.com

**CERTIFICATE OF SERVICE**

A copy of the foregoing was sent to counsel for Defendant via the ECF system.

*/s/ Blair K. Drazic*